The opinion of the Court was read as drawn up by
Parker C. J.
The evidence is sufficient to prove a marriage de facto,[3] and indeed a lawful marriage, if, the parties were legally capable of making that contract. By our statute, however, the marriage, being within the prohibited degrees of kindred, is null and void ; but the question is, whether the defendant can set up the illegality as a defence to the action.
If he can, this strange consequence will follow, that he may continue in the open violation of the law, enjoying all the marital rights, and yet, when attempted to be made subject to the duties or legal burdens of the connexion, he would defend himself by setting up its illegality. This would be contrary to morality, as well as the policy of the law. If this marriage be void for the cause supposed, then 'the defendant has no right to the possession or to the profits of this estate, and yet he would defend himself against the claim of another by showing this very illegality. If a man’s mouth is ever stopped in court, it should be when he undertakes to claim a right or an exemption on account of his guilt or infamy.

Judgment for the plaintiff.

 A marriage de facto, though not de jure, is valid to most intents, as relates to personal matters and causes. Dumaresly v. Fishly, 3 Marshall Ken.) 370; 2 Stark. Ev. (5th Amer. ed.) 18.